United States District Court
Southern District of Texas

**ENTERED**

May 25, 2022

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Cody Barnhill, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | Civil Action H-22-0511 |
| Bobby Lumpkin, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# Report and Recommendation

Cody Barnhill, a Texas state inmate, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 in connection with a prison disciplinary conviction. ECF No. 8. The court recommends that the petition be dismissed with prejudice because Barnhill fails to state an actionable basis for federal habeas relief.

## I.    Background

In 2014, Barnhill was convicted of burglary of a habitation and sentenced to a 37-year prison term in Rusk County (Cause No. CR14-134). Barnhill does not challenge that conviction here. Instead, he challenges the result of a prison disciplinary proceeding that was lodged against him at the Estelle Unit, where he is incarcerated.

Barnhill explains that he was charged with threatening to inflict harm on an officer in TDCJ Disciplinary Case #20220015363. ECF No. 8 at 5. After a disciplinary hearing on September 24, 2021, Barnhill was found guilty as charged. *Id.* As punishment, the hearing officer ordered Barnhill's custodial classification status reduced from G4 to G5, and restricted his

recreation and commissary privileges for 45 and 46 days, respectively. *Id.* Barnhill did not forfeit any previously earned good-time credit. *Id.* He filed a step 1 and step 2 grievance to challenge the conviction, but his appeal was unsuccessful. *Id.* at 5-6.

Barnhill now seeks federal habeas corpus relief from his disciplinary conviction, arguing that he was denied witnesses at his hearing and that the alleged words he said to the officer could be interpreted as friendly instead of threatening. *Id.* at 6. Barnhill has failed to state an actionable habeas claim.

II.    Discussion

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release in the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Barnhill indicates in his petition that he did not lose any previously earned good-time credit because of the challenged disciplinary conviction. Additionally, as Barnhill acknowledges, he is not eligible for mandatory supervision because of his holding conviction for burglary of a habitation. *See* Tex. Gov't Code § 508.149(a)(13) (excluding prisoners convicted of burglary of a habitation from eligibility for mandatory supervision). This is

fatal to Barnhill's claims. *See Malchi*, 211 F.3d at 957–58.

Although the disciplinary conviction at issue resulted in the loss of recreation and commissary privileges, as well as a reduction in Barnhill's custodial classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id.* Likewise, there is no constitutionally protected right to be in any particular good-time earning class. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Under these circumstances, Barnhill cannot demonstrate a violation of the Due Process Clause, and his pending federal habeas corpus petition must be dismissed.

### III. Conclusion and Recommendation

The court recommends that Barnhill's federal habeas corpus petition be dismissed with prejudice. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed May 25, 2022, at Houston, Texas.

Peter Bray
United States Magistrate Judge